**Timothy SUDDETH, Petitioner—Appellant,**

**v.**

**State of CALIFORNIA, Respondent—Appellee.**

**No. 02–16713.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided June 9, 2004.

Timothy Suddeth, California State Prison, Vacaville, CA, Mary M. French, Esq., Melissa A. Fair, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Paul A. Bernardino, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

### MEMORANDUM *

 The district court properly denied California state prisoner Suddeth's federal petition for habeas corpus pursuant to 28 U.S.C. § 2254. We need not decide whether the interrogation was conducted in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The testimony as to the threats Suddeth made to the officer during the interrogation was admissible under *Miranda. United States v. Mitchell,* 812 F.2d 1250, 1253–54 (9th Cir.1987) *overruled on other grounds by Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists,* 290 F.3d 1058, 1066–70 (9th Cir.2002) (en banc). Even assuming, without deciding, that the interrogation was conducted in violation of *Miranda,* admission of the remainder of the testimony concerning the interrogation was harmless because it did not have a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

Because there was no error in the admission of Suddeth's statements at trial, *a fortiori,* appellate counsel was not constitutionally ineffective for failing to assert the issue. *See Turner v. Calderon,* 281 F.3d 851, 872 (9th Cir.2002) (stating that counsel is not ineffective for refraining from

arguing an issue that has little or no prospect of success).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.